No. 15-25-00005-CV

ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/7/2026 10:11 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/7/2026 10:11:46 AM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## APPELLANT'S SUGGESTION OF MOOTNESS AND FORMAL MOTION TO VACATE AND DISMISS FOR WANT OF JURISDICTION

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. <u>15-25-00005-CV</u>

# In The
# Fifteenth Court Of Appeals

———— ♦ ————

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

———— ♦ ————

## APPELLANT'S SUGGESTION OF MOOTNESS AND FORMAL MOTION TO VACATE AND DISMISS FOR WANT OF JURISDICTION

———— ♦ ————

TO THE HONORABLE JUSTICES OF THIS COURT OF APPEALS:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his <u>Appellant's Suggestion of Mootness And Formal Motion To Vacate And Dismiss For Want Of Jurisdiction</u>, and shows unto the Court the following.

As established by the **Supplemental Clerk's Record (Supp. CR 6)**, the 'ORDER DISMISSING CAUSE AS MOOT' filed in this Court on January 5, 2026, the Hidalgo County District Court in Case No. C-0929-12-F—the court of dominant jurisdiction—

rendered a final, non-appealable judgment on July 29, 2025. This judgment vacates the foundational orders upon which the State and the Travis County District Court relied in Case No. D-1-GN-24-002560. See CR 10-11, ¶ 15. Because the controversy regarding the debt has been finally adjudicated in a coordinate court of dominant jurisdiction, no live controversy remains. Consequently, this Court lacks subject-matter jurisdiction and is constitutionally mandated under **Texas Rule of Appellate Procedure 43.2(e)** to vacate the Travis County judgment and dismiss the underlying cause of action. Any further ruling on the merits would constitute an unconstitutional advisory opinion.

On July 29, 2025, Hidalgo County District Court, case no. C-0929-12-F (Hidalgo), a case involving inverse condemnation complaints against the State of Texas and its political subdivisions entered its final order stating -

> "Comes now the Court finding that Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims in the above styled and number cause, making this case MOOT. IT IS ORDERED that any orders or judgments previously issued in this case are vacated. IT IS ORDERED that this case is DISMISSED with prejudice."

A case is moot when the controversy between the parties has ceased to exist or has been resolved. The Travis Court's permanent injunction being appealed (CR 201-205) sought to prevent Partain from collecting this just and adequate compensation. This unappealed final judgment confirms the debt existed, that compensation was collected, and the claim settled. The State of Texas, through the Attorney General's Office, is engaging in an impermissible collateral attack by seeking to enforce a contradictory order that interferes with a final

judgment of a coordinate court, violating the Texas Constitution's prohibition on advisory opinions and Art. 1, Sec. 29 regarding compensation.

Most recently, the Texas Supreme Court reaffirmed in Texas Dep't of Family & Protective Servs. v. Grassroots Leadership, Inc., ___ S.W.3d ___, No. 23-0192 (Tex. May 30, 2025), that mootness is a strict constitutional constraint. The Court held that 'there is no such thing as a public-interest exception to mootness in Texas' and that courts 'should have proceeded no further' once a case becomes moot. We have reiterated—and described as a "fundamental rule"—that a "court may not reach the merits if it finds a single valid basis to defeat jurisdiction." Rattray v. City of Brownsville, 662 S.W.3d 860, 868 (Tex. 2023). Any opinion rendered by this Court on the merits of the Travis County injunction would be a prohibited advisory opinion because the Hidalgo Final Judgment (Supp. CR 6) has definitively settled the debt controversy, leaving no relief for this Court to provide.

The 15th Court, as a court of limited statewide jurisdiction, lacks the power to revive a controversy that Section 29 has already declared void and that the Hidalgo final judgment (Supp. CR 6) has declared moot. The Texas Constitution specifically removes the State's authority, including a court's authority to violate a citizen's right to just and adequate compensation. Tx. Const. Art. 1 Sec. 29 states, "To guard against transgressions of the high powers herein delegated, we declare that every thing in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void." Even the excuse of due process is left wanting. Tx. Const. Art. 1 Sec. 29 voids any acts of the State of Texas to uncompensate Partain. The court must vacate any orders or judgments previously issued

and dismiss the case for want of jurisdiction. Heckman v. Williamson Cnty., 369 S.W.3d 137, 162 (Tex. 2012).

WHEREFORE PREMISES CONSIDERED, Appellant Johnny Partain respectfully requests that this Court take notice of the Supplemental Clerk's Record, find that this cause has become moot, and pursuant to TRAP 43.2(e), vacate the Travis County District Court's judgment, and any other orders issued therein, and dismiss the underlying cause for want of jurisdiction.

Respectfully Submitted,

_____
Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## VERIFICATION

*My name is Johnny Ray Partain, date of birth 10/01/1964, residing at 7020 N 16th Street, McAllen, Texas 78504, and I declare under penalty of perjury that the foregoing is true and correct. Executed in Hidalgo County, State of Texas, on the 7th day of January, 2026.*

_____
Johnny Partain

## CERTIFICATE OF CONFERENCE

As required by TRAP 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties through Mr. Kyle Argenbright, Assistant Attorney General Litigation Division, Kyle.Argenbright@oag.texas.gov, about the merits of this motion. There was no response.

Date: January 7, 2026

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Mr. Kyle Argenbright, Assistant Attorney General General Litigation Division, Kyle.Argenbright@oag.texas.gov, on this January 7, 2026.

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 109747202
Filing Code Description: Motion
Filing Description: Appellant???s Suggestion of Mootness And Formal Motion To Vacate And Dismiss For Want Of Jurisdiction
Status as of 1/7/2026 11:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnny Partain | | partain@atlastechnologies.biz | 1/7/2026 10:11:46 AM | SENT |
| Kyle Argenbright | | Kyle.Argenbright@oag.texas.gov | 1/7/2026 10:11:46 AM | SENT |